## CIRCUIT COURT OF THE CITY OF RICHMOND

Woodrow P. Gross, Jr.

v.

Bernard L. Shumate and
Marks-Runion Co., Inc.

January 5, 1981

Case No. LC 1263

By JUDGE MARVIN F. COLE

This cause of action arises out of an automobile accident which occurred on November 28, 1977, on State Route 301 near its intersection with Old Richfood Road in Hanover County. At the time of the accident, plaintiff was acting within the scope of his employment with Central Contracting Company, which by contract with the State Highway Commission, was performing road work on Interstate 295 in the vicinity of Route 301. The contract of this portion of Interstate 295 was the responsibility of Central Contracting Company by virtue of its contract with the State Highway Commission.

On the date of the accident, the defendant, Bernard L. Shumate, was employed by Marks-Runion Company, Incorporated, a Virginia corporation, engaged in performing bridgework on Interstate 295 at Meadow Road in the eastern part of Henrico County. The construction of this portion of the Interstate 295 project was the primary responsibility of Barnhill Contracting Company by virtue of its contract with the State Highway Commission. Barnhill Contracting Company had in turn subcontracted the bridge portion of its contract to the defendant, Marks-Runion.

As testified by Mr. Frederick L. Burroughs, State Construction Engineer for the Virginia Department of Highways and Transportation, the entire Interstate 295 project is approximately 23 miles in length and stretches from Short Pump, in the far western part of Henrico County, to Highland Springs in Henrico County's far east end. According to Mr. Burroughs's uncontested testimony, the projects being worked on by the plaintiff and defendant at the time of the accident were approximately 11-1/4 miles apart and separated by six separate projects. According to Mr. Burroughs's testimony, the State Highway Department views each of these projects as "entirely separate, with no interrelationship between them other than their geography."

At the time of the collision, the acts of both the plaintiff and the defendant arose out of and in the course of their employment with their respective employers. The sole issue before the court is whether under the facts as aforesaid, this court is without jurisdiction to consider plaintiff's claim of negligence against the defendants.

The right of the plaintiff to maintain a common law negligence action against the defendants hinges upon the concept of the "statutory employer" as set forth in Va. Code Ann. § 65.1-29 and § 65.1-30, one's status as an "independent contractor" under § 65.1-5, the exclusiveness of plaintiff's remedy under § 65.1-40, the concept of the "other party" referenced in § 65.1-41 and Section 65.1-103, and the Virginia Supreme Court decisions interpreting same.

In recent years, our Supreme Court has had many occasions to determine the exclusiveness of plaintiff's remedy in situations involving on the job injuries to the plaintiff resulting from the negligence of an alleged "fellow servant." As the cases indicate, the cases in this area generally hinge upon the actual relationship of the parties and their relationships created by statute. In order for the defendant to prevail on its plea that the plaintiff's exclusive remedy is workmen's compensation and accordingly that the court is without jurisdiction to entertain plaintiff s action for negligence, the defendant must establish that the State Highway Commission is an "owner" for purposes of § 65.1-29 and that the plaintiff and defendant are statutory co-employees, not strangers to the employment or the work of the other.

In the case at bar, plaintiff was, at the time of his injuries, working for Central Contracting Company in the construction of Interstate 295 near its intersection with Route 301. Defendant was engaged in the construction of Interstate 295 near its intersection with Meadow Road. The job that the plaintiff was working on was completely separate from that of the defendant. The two jobs were advertised at separate times, were let and awarded at different times and involved two separate contracts with the State Highway Commission. The projects were separated by several miles and several other projects. With regards to the project being worked on by the plaintiff, the defendant was a "stranger to the employment and the work," so as to allow the maintenance of a common law action for negligence.

The importance of this factor has been addressed tangentially by our Supreme Court in a number of cases. In *Rea* v. *Ford*, 198 Va. 712 (1957), the court said that "Ford was under the canopy of the Workmen's Compensation Act and was not subject to an action at law for damages for injury to or death of Rea who *was engaged in the same work.*" (Italics added).

In *Kramer* v. *Kramer*, 199 Va. 409 (1957), the court said:

> [T]hat the decedent, whose general employer was Hoisting Service, was performing work which had some relation to the work of the defendant, but was not part of the trade, business or occupation of the defendant, *and the decedent in doing the work was not "engaged in the same work as the defendant."* (Italics added).

In *Williams* v. *Gresham Company*, 201 Va. 457 (1959), the Supreme Court said:

> Both defendant and Ferry District were under the canopy of the Workmen's Compensation Act and not subject to an action at law by plaintiff, Ferry District's employee, for damages on account of injuries he received *while engaged in the same work.* (Italics added).

It is my conclusion that the plaintiff and the defendants in this case are not engaged in the same work. I

do not believe that the plaintiff and the defendants are co-employees or fellow servants as that word is usually defined in the law. I of necessity make a clear distinction between this case and the case of *Anderson* v. *Construction Company*, 201 Va. 366 (1959), based upon the facts of the two cases. Therefore, it is my opinion that the plea to the jurisdiction of the court in this case should be overruled.